|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
| 9 | | |
| 10 | DONNA L. SMYTH, | CASE NO. 2:12-cv-00130-MJP |
| 11 | Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| 12 | v. | |
| 13 | MERCHANTS CREDIT CORPORATION, a Washington State corporation, DAVID and SOFIA QUIGLEY, husband and wide and the marital community, ROBERT and JANE DOE FRIEDMAN, husband and wife and the marital community composed thereof, | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | Defendants. | |

This matter comes before the Court on Defendants Merchants Credit Corporation ("Merchants"), David and Sophia Quigley, and Robert and Jane Doe Friedman's motion to dismiss. (Dkt. No. 16.) Having reviewed the motion, Plaintiff's response (Dkt. No. 23), Defendant's reply (Dkt. No. 26), and all the related filings, the Court GRANTS Defendants' motion for summary judgment.

## Background

Plaintiff Donna L. Smyth ("Smyth"), aka Donna L. Tovaas, is suing Defendants Merchants Credit Corporation ("Merchants"), David and Sophia Quigley, and Robert and Jane Doe Friedman for violations of the FDCPA.

Merchants is a licensed debt collector in Washington. (Dkt. No. 1 at 2.) On October 29, 2010, Merchants filed an action against Smyth in Whatcom County District Court to collect on an unpaid bill for medical services. (Id. at 4.) In the complaint's "Prayer for Relief," Merchants requested principal plus interest and statutory court costs. (Dkt. No. 1-1 at 3.) The statutory court costs included a request for an estimated ex parte fee of $20.00. (Id.)

Merchant's request for statutory costs was based on an amendment to RCW 3.62.060(9) in 2009. Under RCW 3.62.060(9), the Washington legislature granted district courts the option of imposing an ex parte fee for clerk's services. (Dkt. No. 16 at 7.) The ex parte fee charged cannot "exceed twenty dollars per hour or portion of an hour." RCW 3.63.060(9). On September 29, 2011, Whatcom County District Court announced through a memorandum that starting January 2, 2012 it would begin imposing a mandatory ex parte fee of $15.00 under RCW 3.62.060(9). (Dkt. No. 24 at 6.) The summons and complaint were served on Smyth on January 23, 2011. (Dkt. No. 1 at 4.)

Plaintiff alleges that since the fee was not mandatory until January 2012, the Defendants were not yet entitled to it and violated the FDCPA by requesting it in their Prayer for Relief in October 2010. (Dkt. No. 1 at 5.) On January 24, 2012, Plaintiff filed this action alleging Defendants' unauthorized request constituted "a violation of 15 U.S.C §§ 1692(e) preface, e(2)(A) & (B), e(5) & e(10), 1692(f) preface and 1692(f)(1)." (Dkt. No. 1 at 7.)

| | **Analysis** |
|---|---|
| 1 | |
| 2 | A. Standard |
| 3 | A court shall grant summary judgment if the movant shows that there is no genuine |
| 4 | dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. |
| 5 | Civ. P. 56(a). In examining Defendants motion, a court must view the facts in the light most |
| 6 | favorable to the opposing party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 |
| 7 | U.S. 574, 587 (1986). The moving party has the burden of showing the absence of a genuine |
| 8 | issue of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving |
| 9 | party meets this initial burden, it becomes the responsibility of the nonmoving party to |
| 10 | "designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, |
| 11 | 477 U.S. 317, 323–324 (1986). |
| 12 | B. FDCPA |
| 13 | Defendants seek summary judgment, arguing Plaintiff's claims under the FDCPA fail |
| 14 | because (1) the claims are time-barred; (2) an estimated court cost is not a "debt" under the |
| 15 | FDCPA; (3) Washington law permits the pleading of estimated ex parte cost, so its inclusion is |
| 16 | not a violation of the FDCPA; and (4) an estimated court cost is not a "material" violation. (Dkt. |
| 17 | No. 16 at 1.) Since the last two argument warrant summary judgment, the court declines to reach |
| 18 | the statute of limitation and debt issues. |
| 19 | 1. Violations of § 1692e and §1692f of the FDCPA |
| 20 | Plaintiff contends that Defendants violated §§ 1692e and 1692f by requesting an ex parte |
| 21 | fee before the District Court authorized it. A close analysis of these two provisions as well as the |
| 22 | applicable state law shows that Plaintiffs' claims fail. |
| 23 | a. § 1692e |
| 24 | |

Plaintiff fails to allege a violation under FDCPA § 1692e. Section 1692e generally prohibits "the use of any false, deceptive, or misleading representation or means in connection with the collection of debt." In particular, § 1692e(2) prohibits the false representation of "the character, amount, or legal status of any debt" or any compensation which may be lawfully received. Section 1692e (5) forbids threats "to take any action that cannot legally be taken or that is not intended to be taken" Finally, § 1692e(10) bars the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §1692e. In determining if a violation of these provisions occurred, a court must use "an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." Donohue y. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010) (internal quotations omitted). A determination of a debt collector's liability under this standard is an issue of law. Terran v. Kaplan, 109 F.3d 1428, 1432 (9th Cir. 1997)

Here, Defendant did not violate any provisions of § 1692e. First, Defendants did not use false or deceptive practices under § 1692e and § 1692e(10) to suggest they were entitled to the fee. In their Prayer for Relief, Defendants specifically request an "<u>estimated</u> ex parte fee" of $20.00 under the category "statutory <u>court</u> costs." (Dkt. No. 1-1 at 3.) (emphasis added). The use of word "estimated" under the category "statutory court costs" implies that the ex parte fee was a possible cost which the District Court, not the Defendants, may demand per its option under RCW 3.62.060(9). Furthermore, the least sophisticated consumer is not likely to interpret this language and its placement as Defendants' assumption of entitlement to an ex parte fee from the Plaintiff. See <u>Cisneros v. Neuheisel Law Firm, P.C.</u>, CV06-1467PHXDGC, 2008 WL 65608 (D. Ariz. Jan. 3, 2008) (finding that request for attorneys fees did not constitute a violation of §1692e because the defendants did not attempt to directly charge for such fees in their complaint). Since

the least sophisticated consumer is not likely to believe that the Defendants felt they were entitled to or were charging a fee, no violation of § 1692e and § 1692e(10) occurred.

Second, Defendants did not falsely represent the character, amount, or legal status of any debt under § 1692e(2). In their Prayer for Relief, Merchants marked the $20.00 as an estimate to put the Plaintiff on notice of possible statutory costs. The Defendants' language did not imply that this was the final cost or amount charged, and thus did not violate § 1692e(2).

Third, a request for lawful costs did not constitute a threat to take action that cannot legally be taken under § 1692e(5). The ex parte fee is expressly permitted by state law under RCW 3.62.060(9). At all times prior to January 2, 2012, the Whatcom County District Court was able to charge an ex parte fee up to the amount of $20.00. RCW 3.62.060(9). In addition, the statute permits the fees and costs imposed to be allowed as court costs in judgment. RCW 3.62.060. As the ex parte fee is a lawful cost allowed in judgment, no violation of § 1692e(5) occurred.

On these grounds, the Court GRANTS summary judgment and DISMISSES Plaintiff's FDCPA § 1692e claims.

a. §1692f

Plaintiff improperly alleges that the Defendants violated §§ 1692f and 1692f(1) of the FDCPA by requesting an estimated ex parte fee before it was expressly authorized. (Dkt. No. 1 at 5.) Section 1692f prohibits a "debt collector from using unfair or unconscionable means to collect any debt." 15 U.S.C. § 1692f. In addition to the general ban, § 1692f(1) forbids the collection of any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

The ex parte fee is expressly permitted by state law under RCW 3.62.060(9). While Whatcom County District Court did not impose a mandatory fee until January 2, 2012, § 1692f(1) only requires that a fee be "permitted by law," not mandatorily enforced. (Dkt. No. 24 at 6.) At all times prior to January 2, 2012, the Whatcom County District Court had the option to charge an ex parte fee up to the amount of $20.00. RCW 3.62.060(9). In addition, the statute permits the fees and costs imposed under RCW 3.62.060 to be allowed as court costs in judgment. RCW 3.62.060. As Washington law permits an ex parte fee to be included in judgment, the Court GRANTS summary judgment and DISMISSES Plaintiff's FDCPA § 1692f claims.

2. Materiality

Even assuming the request for the ex parte fee is a violation, summary judgment is still proper because the violation is not material.

A false or misleading statement is actionable under §§ 1692e and 1692f only if it is material. Donohue, 592 F.3d at 1033. While materiality does not appear in the text of the FDCPA, the Ninth Circuit based this determination on the conclusion "that false but non-material representations are not likely to mislead the least sophisticated consumer." Id. In examining materiality, a court should look for "genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response," rather than for "mere technical falsehoods." Id. at 1034. This is a question of law for the court to decide. Terran, 109 F.3d at 1432.

Applying this standard to the Prayer for Relief, the request for an estimated ex parte fee is immaterial and not actionable under §§ 1692e and 1692f. The ex parte fee request does not frustrate the Plaintiff's ability to intelligently choose actions concerning her debt. In fact as the

Defendants point out, the request does not concern her actual debt at all; rather it is a request directed to the court for possible costs upon judgment as well as a notice to the Plaintiff of potential statutory costs. (Dkt. No. 16 at 10.) Furthermore, this potential cost does not alter the avenues of debt action already available to her.

Nevertheless, Plaintiff argues that if materiality is the standard, $20.00 is a material amount to those that are not monetarily as fortunate. (Dkt. No. 23 at 6.) This analysis misapplies the standard as it does not relate to monetary value, but rather to the ability of the debtor to make intelligent decisions about their debt. Donohue, 592 F.3d at 1034. Since the request for an ex parte cost in the prayer for relief is not a material violation of the FDCPA, the Court GRANTs summary judgment and DISMISSES Plaintiff's FDCPA claims.

**Conclusion**

Plaintiff has not produced a genuine issue of fact to support any of his claims and as a matter of law the Defendants did not commit violation of the FDCPA. The Court GRANTS summary judgment and DISMISSES Plaintiff's claims against Defendants. Finally, the Court observes that the parties entered into an agreed motion for leave to file reply despite the Court's order denying Plaintiff's motion to renote the motion. (Dkt. No. 22, 28.) The court warns such actions are not permitted.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 19th day of June, 2012.

Marsha J. Pechman
United States District Judge